

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:13-CR-55(12) |
| | § | |
| LUIS ZAVALA-GARCIA | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003). On April 16, 2014, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Luis Zavala-Garcia, on **Count One** of the charging **Information** filed in this cause.

Count One of the Information charges that from on or about sometime in the late 2000's, the exact date being unknown to the Grand Jury, and continuing thereafter until July 23, 2013, in the Eastern District of Texas and elsewhere, Luis Zavala-Garcia, a/k/a "Viejo", knowingly and

1

intentionally conspired and agreed with persons both known and unknown to the Grand Jury, to distribute and to possess with the intent one-hundred (100) kilograms or more, but less than one thousand (1,000) kilograms or more of a Schedule I controlled substance, namely, a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

Defendant, Luis Zavala-Garcia, entered a plea of guilty to Count One of the Information into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

    c.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

    d.    That Defendant's knowing, voluntary and freely made plea is supported by an

independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crimes charged under 21 U.S.C. § 846.

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented a factual basis. *See Factual Basis and Stipulation.* In support, the Government and Defendant stipulated that if this case were to proceed to trial the Government would prove beyond a reasonable doubt, through the sworn testimony of witnesses, including expert witnesses, as well as through admissible exhibits, each and every essential element of the crime charged in Count One of the Information. The Government would also prove that the defendant is one and the same person charged in the Information and that the events described in the Information occurred in the Eastern District of Texas and elsewhere. The Court incorporates the proffer of evidence described in detail in the factual basis and stipulation in support of the guilty plea.

Defendant, Luis Zavala-Garcia, agreed with and stipulated to the evidence presented in the factual basis. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential

elements of the offense charged in **Count One** of the charging **Information** on file in this criminal proceeding. The Court also recommends that the District Court accept the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c). Accordingly, it is further recommended that, Defendant, Luis Zavala-Garcia, be finally adjudged as guilty of the charged offense under **Title 21, United States Code, Section 846.**

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject the plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw the guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's

failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n*., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 17th day of April, 2014.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE